Samuel C. Williams [SBN: 310420]
Samuel C. Williams, Attorney at Law, Inc.
1263 California Street
Redding, CA 96001
(530) 255-8171
FAX: (530) 255-8027
samuel.crispan.williams@gmail.com
Attorney for CHAN LOR,
Plaintiff.

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHAN LOR,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>COUNTY OF SISKIYOU,<br>JOHN OTTENBERG, and<br>ANDREA FOX<br><br>　　　　　Defendants. | No.:<br><br>**COMPLAINT FOR DAMAGES FOR VIOLATION OF DUE PROCESS, VIOLATION OF RIGHT TO OWN LAND, EQUAL PROTECTION, and EXCESSIVE FINES**<br><br>**JURY TRIAL DEMANDED** |

**1.  The parties**

1.  CHAN LOR (Hereinafter "LOR") is, and at all times mentioned herein was, an adult citizen of the United States of America. Lor is a resident of Siskiyou County.

2.  Defendant, County of Siskiyou is, and at all times mentioned herein was, a County within the State of California.

3.  Plaintiff complied with the California Government Tort Claim Act.

4.  Defendants Andrea Fox and John Ottenberg are sued in their individual and official capacity. Defendants Andrea Fox and John Ottenberg were at all times mentioned herein, and still are, code enforcement officers for the County of Siskiyou. Defendants Fox and Ottenberg took administrative actions during the course of their employment related to the citation of LOR.

- 1 -
Lor v. County of Siskiyou, et al.

5. Defense counsel is informed and believes that both John Ottenberg and Andrea Fox are citizens of the United States and residents of Siskiyou County, California.

**2.  Jurisdiction**

6. This court has jurisdiction because this complaint provides a federal issue under the Constitution of the United States of America.

**3.  Statement of Facts**

7. Chan Lor was cited for illegal cannabis cultivation. He did not receive the citation because he was in Wisconsin preparing for heart transplant surgery. When Mr. Lor became aware of the citation, his attorney immediately emailed Siskiyou County Counsel requesting a hearing. Although the request was not within 10 days, the county has discretion to grant it. County Counsel did not respond to the email, instead sending him a notice that the full amount of the fine was due because he did not request a hearing within 10-days. Siskiyou County Code Section 10-14.090 (e) gives the county discretion to set a hearing when timely request is not made. If the county is unwilling to exercise this jurisdiction to grant a late hearing request for someone getting a heart transplant, it is unclear when they would ever approve a hearing.

8. Chan Lor was racially discriminated against and deprived of his due process right to a hearing by the application of an ordinance that is unconstitutional as applied. Chan Lor was subjected to an unreasonable search.

**a.  Legal Background**

9. This lawsuit asks this court to protect the rights of a minority in a County that has declared war on people of Hmong-American descent. The particular right in question is that of procedural due process—the notice and opportunity to be heard.

10. No opportunity for appeal. No other remedy. Not subject to the administrative procedures act, the only limitations are constitutional.

Notice and Opportunity to be Heard – private interest

11. The Plaintiff's private interest at stake is his right to address the county's assessment that the condition of his residence constitutes a violation of the Siskiyou County Personal Cannabis Cultivation Ordinance and a public nuisance resulting in the assessment of significant administrative penalties.

12. Notice and Opportunity to Be Heard—Risk of an Erroneous Deprivation of the Private Interest

13. The risk of an erroneous deprivation of defendant's freedom through a procedure that denies a defendant the opportunity to be heard lies in the possibility that the court will not be apprised of additional information from defendant it should consider in exercising its discretion

14. Siskiyou County has a Personal Cannabis Cultivation Ordinance (Siskiyou County Code of Ordinances, Tite 10, Chapter 14 et seq.). When code enforcement cites a violation of this ordinance, they post the notice on the property or gate to the property and also send a copy via certified mail. However, since Mr. Lor was in Milwaukee, Wisconsin at the Froedtert & Medical College of Wisconsin preparing for heart transplant surgery, he did not see the posted notice or receive the mailed notice.

15. As the United States Supreme Court wrote in the Terrace v. Thompson (1923) 263 U.S. 197:

> Equity jurisdiction will be exercised to enjoin the threatened enforcement of a state law which contravenes the Federal Constitution wherever it is essential in order effectually to protect property rights and the rights of persons against injuries otherwise irremediable; and in such a case a person, who as an officer of the State is clothed with the duty of enforcing its laws and who threatens and is about to commence proceedings, either civil or criminal, to enforce such a law against parties affected, may be enjoined from such action by a federal court of equity.

16. Siskiyou County Code section 10-14.010 begins the Siskiyou County Personal Cannabis Cultivation Ordinance. The Board of Supervisors acted under the authority granted by Article XI, section 7 of the California Constitution, Health and Safety Code section 11362.83, and Government Code sections 25845 and 53069.4.

17. California Government Code section 53069.4 (a) (1) grants the county the power to declare nuisances:

> The legislative body of a local agency, as the term "local agency" is defined in Section 54951, may by ordinance make any violation of any ordinance enacted by the local agency subject to an administrative fine or penalty. The local agency shall set forth by ordinance the administrative procedures that shall govern the imposition, enforcement, collection, and administrative review by the local agency of those administrative fines or penalties.

18. States may not enact laws that hinder "the accomplishment and execution of the full purposes and objectives of Congress." Hughes v. Talen Energy Mktg., LLC , 578 U.S. 150, 136 S. Ct. 1288, 1297, 194 L.Ed.2d 414 (2016). Likewise, Counties cannot enact laws that hinder Federal or State Laws. Further, county officials may not enact and enforce policies against citizen landowners that contravene Federal, State, or County laws.

19. "[T]he purpose of Congress is the ultimate touchstone in every pre-emption case." Medtronic, Inc. v. Lohr , 518 U.S. 470, 485, 116 S.Ct. 2240, (1996) ) (internal quotations omitted).

20. Applying this presumption test to the Siskiyou County ordinance, this court must consider the clear and manifest purposes of the Siskiyou County Board of Supervisors in enacting the Siskiyou County Personal Cannabis Cultivation Ordinance. Like many of the Northern California County anti-cannabis cultivation ordinances, Siskiyou's ordinance lays out the history of California's changing state laws regarding Cannabis. Siskiyou County Code section 10-14.010 talks about Proposition 215's language "nothing in this section shall be construed to supersede legislation prohibiting persons from engaging in conduct that endangers others, or to

condone the diversion of marijuana for non-medical purposes." The Ordinance also points out that "ballot arguments supporting Proposition 215 expressly acknowledged that 'Proposition 215 does not allow unlimited quantities of marijuana to be grown anywhere.'" The Board then recites amendments to the Medical Marijuana Program Act of 2004 that authorize county regulation of collective or cooperative medicinal cannabis cultivations. It should be noted that subsequent laws intended to regulate and license cannabis cultivation sunsetted the Medical Marijuana Program's collective and cooperative cultivation defenses, replacing those defenses with a system of licensing and regulatory framework.

21. Although the County of Siskiyou has no jurisdiction to enforce federal law, the Board of Supervisors recites Congressional findings from the Controlled Substances Act that marijuana has a high potential for abuse, that has no currently accepted medical use in treatment in the United States, and that has not been accepted as safe for use under medical supervision.

22. These finding explain the Board's rationale for enacting the Siskiyou County Personal Cannabis Cultivation Ordinance.

### b. Harms of Cannabis

23. Thus, the Board of Supervisors determined that a cannabis ban was necessary in order to prevent several undesirable results for the community:

1. Cultivation of large amounts of cannabis that would affect the public health, safety, and welfare in the County (Siskiyou County Code section 10-14.010 (j)).
2. Criminal activity, degradation of the natural environment, malodorous smells, and indoor electrical fire hazards that may result from unregulated marijuana cultivation (Siskiyou County Code section 10-14.010 (h)).

### c. Justification of Large Fines

24. The County of Siskiyou finds that traditional nuisance abatement procedures were ineffective and a special cannabis ordinance is necessary. Siskiyou County Code section 10-14.010 (g) provides the County's findings:

> The County's unique geographic and climatic conditions, which include dense forested areas receiving substantial precipitation, along with the sparse population in many areas of the County, provide conditions that are favorable to marijuana cultivation. Marijuana growers can achieve a high per-plant yield because of the County's favorable growing conditions. The Federal Drug Enforcement Administration reports that various types of marijuana plants under various planting conditions may yield averages of 236 grams, or about one-half (½) pound, to 846 grams, or nearly two (2) pounds. Based on law enforcement seizures, yields in the County have tended to be at the higher end of this range. The "street value" of a single cannabis plant is substantial. Pound prices for domestically produced high-grade cannabis sold illegally within Northern California can reach Two Thousand ($2,000.00) Dollars to Five Thousand ($5,000.00) Dollars. A single marijuana plant cultivated within the County can thus yield Four Thousand ($4,000.00) Dollars or more in salable marijuana.

### d. Land Use

25. The Siskiyou County Personal Cannabis Cultivation ordinance admits that the purpose of the law is to regulate the use of land within the county. Siskiyou County Code section 10-14.010 (e) provides:

> Local land use authority over marijuana cultivation was upheld by the California Court of Appeal in Browne v. County of Tehama (2013) 213 Cal. App. 4th 704. The court specifically held that "[n]either the Compassionate Use Act nor the Medical Marijuana Program grants … anyone … an unfettered right to cultivate marijuana for medical purposes. Accordingly, the regulation of cultivation of medical marijuana does not conflict with either statute." Similarly, in City of Riverside v. Inland Empire Patients Health and Wellness Center, Inc. (2013) 56 Cal. 4th 729, the California Supreme Court concurred that "[n]othing in the CUA or the MMP expressly or impliedly limits the inherent authority of a local jurisdiction, by its own ordinances, to regulate the use of its land …".

26. Thus, Siskiyou County asserts the right to ban cannabis cultivation as a valid exercise of its power to regulate the use of land within its jurisdiction. An innocent absentee landlord cited for his tenants' grow operation can only cooperate with the County to abate an unlawful nuisance. Once the plants are gone, the nuisance of growing marijuana no longer exists.

27. The County theorizes that the cannabis could still be within the county, for sale on the black market. This harm, while a legitimate concern, should not apply to an innocent absentee landlord. The plaintiff in this case did not remove the plants. The plaintiff does not know where the removed plant material is. The plaintiff does not have a way to contact his tenants, who disappeared as soon as the County cited their cannabis grow.

28. To continue to fine the plaintiff because he is unable to comply is unfair. He cannot remove the plants anymore as they are already gone from his property.

### 4. Mootness

29. California Government Code section 53069.4 was amended, effective January 1, 2024, to limit the amount of fines. However, the plaintiff continues to suffer irreparable harm as a result of the County's actions in the form of outstanding fines, liens and potential sale of his real property, and the specter of continuing legal action against the plaintiff by the County. Due to the ongoing harm to the plaintiff, as well as the large number of other people who have already been assessed with excessive fines under the Siskiyou County Personal Cannabis Cultivation Ordinance, the court should not consider this suit to be moot.

### 5. Monell Liability

30. In this Section 1983 action, the individual actors who committed the alleged constitutional violations are named defendants, but the municipal entity is a named defendant as well.

31. Local government entities, as long as they are not the state or an arm of the state, can be sued under Section 1983 for damages and injunctive relief.

32. Plaintiff asserts four methods to establish this municipal liability. First, plaintiff points to an officially adopted or promulgated policy.

33. Here, the County has a policy and procedure that involves mailing a notice of violation via certified mail to the landowner while also posting the notice at the gate to the cited property. Since the plaintiff is not the landowner, the mailed notice is not reasonably calculated to give the plaintiff notice of the alleged violation. The posted notice, attached to the gate of the property, is a more appropriate way of notifying a tenant. Unfortunately, in this case, the plaintiff was in another state preparing for heart transplant surgery.

34. Second, they may point to a custom or practice that is not written or formally adopted, but that is a pervasive, longstanding practice that has the force of law. In this case, the County has implemented a war on Asian-Americans that the former Sheriff, Jon Lopey, suggested to the County Board of Supervisors to use every vestige of local government to run the Hmong community out of the County and make it hurt so that they would not come back. Since that time, Hmongs have been targeted, with Hmong-Americans forming a much larger percentage of the traffic stops than people of other races. This is a disparate impact because the percentage of the population that is Hmong is very low according to the last United States Census.

35. The third method can be referred to as the City of Canton method of demonstrating liability. This occurs when plaintiffs point to a failure to "blank": a failure to train, a failure to supervise, a failure to discipline, a failure to adequately screen, etc. In Siskiyou County, code enforcement officers make determinations and identifications of cannabis that they lack the training and expertise. This is part of the County's plan to target Hmong-Americans regardless of the facts. Likewise, the County rejects all facts and arguments that might minimize the effects of code

violations on the person cited. This case is such a situation, where the county refused to accept a late hearing request, despite the ordinance's provisions allowing the county to accept a late request, in a situation where the cited plaintiff was preparing for a heart transplant in another state.

36. Finally, plaintiffs may point to a particular decision or act made by someone who is asserted to be a final policymaker for the entity. The Supreme Court has held that in certain situations, the decisions or the acts of a final policymaker, even if only on a single occasion, may be attributed to the entity for liability purposes under Section 1983.' Here, the County's adoption of Lopey's plan constitute a final decision of a policymaker. Additionally, the County's decision to deny the Plaintiff's late hearing request expresses a final policy decision by the County.

**6.  Causes of Action**

**First Cause of Action**
**Violation of Procedural Due Process**
**Against all Defendants**

37. The County of Siskiyou, by and through its code enforcement officers Jon Otternberg and Andrea Fox, assessed civil penalties against the plaintiff. The plaintiff requested an administrative hearing, which the defendants denied him. He suffers the loss of his money and real property without notice or an opportunity to be heard. As applied, the ordinance that creates this effect violates the plaintiff's rights under the Due Process clause of the 14th amendment to the United States Constitution.

38. The notices sent by Ottenberg and Fox demanding advance payment of fines prior to the scheduling of an administrative hearing are not reflected in the Siskiyou County Code as published on the Municode website as of the date of this writing. However, Plaintiff's counsel is aware of instances where County Counsel relies upon newly enacted codes that have not been

released to the public. This practice in itself deprives those dealing with violation assessments of an opportunity to analyze the evidence against them in the context of the current state of the law. This also deprives the plaintiff of Due Process in these proceedings.

**Second Cause of Action**
**Violation of Constitutional Right to Own Land**
**Against the County of Siskiyou**

39. Ownership of real property is a fundamental right under the Constitution. While such ownership is subject to regulation by the County, attempts to divest citizens of the County from their fee simple ownership of real property is completely unjustified in this case and constitutes an excessive fine prohibited by the Eighth Amendment to the United States Constitution.

**Third Cause of Action**
**Violation of Equal Protection**
**Against all Defendants**

40. The County of Siskiyou, John Ottenberg, and Andrea Fox targeted Asian-American cannabis growers above non-Asian cannabis cultivators. By doing so, they created a suspect class based upon national origin. By charging members of this class disproportionately, defendants violate the equal protection clause of the Equal Protection clause of the 14th Amendment to the United States Constitution.

**Fourth Cause of Action**
**Excessive Fines**
**Against All Defendants**

41. Defendants charge excessive fines, ostensibly justified by the large projected yields and profits expected to be made in the cannabis black market. While such justifications may be appropriate for individuals that engaged in prohibited conduct and reaped the rewards of that behavior, to apply such fines to an absentee landlord with no prior knowledge of the illegal cannabis grow is unfair and violates the excessive fines clause of the Eighth Amendment to the United States

Constitution. The defendants' position wholly ignores both the culpability of the person fined and the private interests of the plaintiff in keeping his monetary assets and continued ownership of real property.

## 7. Prayer

Wherefore, plaintiff prays for the following relief from this court:

1. For an order reversing the fines assessed by Siskiyou County.

2. For a declaration that the County's policy of requiring an advance deposit of assessed fines in full prior to a hearing being scheduled is unconstitutional and void as applied to the instant plaintiff.

3. For compensatory damages according to proof.

3. For an award of plaintiff's attorney's fees and costs in this suit.

Dated:   January 19, 2024

/s/ Samuel C. Williams_____
Samuel C. Williams
Attorney at Law Inc.
Attorney for Plaintiff
Chan Lor