UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHAN LOR, | No. 2:24-cv-00274-DJC-DMC |
| Plaintiff, | |
| v. | ORDER |
| COUNTY OF SISKIYOU, et al., | |
| Defendants. | |

Pending before the Court is Defendants' Motion for Summary Judgment, or alternatively, partial summary judgment.  Plaintiff brought the instant action against Defendants after alleging that he was cited for illegal marijuana cultivation.  He alleges several constitutional violations against Defendants under 42 U.S.C. § 1983.  For the reasons discussed below the Court GRANTS Defendants' Motion for Summary Judgment.

////

////

////

////

////

## BACKGROUND

**I.    Factual Background[1]**

On August 11, 2023, Defendant John Ottenberg, on behalf of Siskiyou County Code Enforcement, issued a citation to the owners of 10900 Cinnabar Courtin Montague, California ("the Property") due to a violation of Title 10, Chapter 14 of the Siskiyou County Code, which relates to personal cannabis cultivation.  (DSUF (ECF No. 13-7) ¶¶ 1, 21; Ordinance (ECF No. 13-6, Ex. B); Ottenberg Decl. (ECF No. 13-5) ¶¶ 2, 3.)  Jay Wx Lor and Yong Lor ("Owners") are the listed owners of the Property.  (DSUF ¶ 2.)  The citation included abatement instructions, the time period allowed for the cited individuals to abate the nuisance on their property without incurring additional fines, instructions for scheduling an inspection to demonstrate abatement, a process for contesting the citation and an explanation of the consequences of ignoring the citation. (Ottenberg Decl. ¶ 4.)  Notice of the citation was posted at the Property for an amount of $12,000.  (DSUF ¶¶ 6, 7.)  A copy of the posted citation was mailed to the Owners at their Wisconsin address along with being posted at the Property.  (*Id.* ¶¶ 7, 8.)  The initial $12,000 citation amount was incorrect, so a new citation was issued with a corrected amount of $9,500 and mailed to the Owners.  (*Id.* ¶ 9, 10.)

Plaintiff, Chan Lor, was renting the Property from the Owners at the time the citation was issued.  (*See id.* ¶¶ 1, 3, 6.)  Plaintiff suffers from a heart condition and had cultivated a small number of cannabis plants for personal medical use at the Property.

---

[1] Defendants request that this Court take judicial notice of three exhibits pursuant to Federal Rule of Evidence 201(b):  Exhibit A, the Plaintiff's Complaint; Exhibit B: Siskiyou County Code Title 10, Chapter 14; Exhibit C: Deed of Trust for the Property.  (ECF No.13-6.)  Under Federal Rule of Evidence 201(b), a court may take judicial notice of a fact that is not subject to reasonable dispute.  Courts have taken judicial notice of Deeds of Trust where relevant to the dispute at hand.  *See, e.g., Haynish v. Bank of America, N.A.,* 284 F. Supp. 3d 1037, 1045 (N.D. Cal. 2018).  Here, the Property's ownership is relevant to the issue of standing, and there is no dispute as to the Property's ownership, thus the Court takes judicial notice of the Deed of Trust.  Additionally, judicial notice may be taken of local ordinances.  *See FFV Coyote LLC v. City of San Jose*, 637 F. Supp. 3d 761, 768 (N.D. Cal. 2022) (collecting cases).  Because the County Code is relevant to determining the matter at hand the Court takes judicial notice of Siskiyou County Code Title 10, Chapter 14.  The Court already has the Plaintiff's Complaint and thus DENIES the remainder of Defendants' Request as moot.

(Lor Decl. (ECF No. 14-3) ¶ 2.)  Plaintiff has not been cited by Siskiyou County regarding anything related to the Property.  (DSUF ¶ 19.)

On August 18, 2023, Defendant Ottenberg returned to the Property for an abatement inspection and was met by Peter Thao, who called an individual referred to as "Mr. Lor" and translated between Defendant Ottenberg and "Mr. Lor".  (*Id.* ¶ 11.)  On the call, "Mr. Lor" denied Defendant Ottenberg access to the property.  (*Id.* ¶ 12.)

On September 1, 2023, Plaintiff, through his counsel, requested a hearing from the County.  (ECF No. 13-4 ¶ 1, Ex. A; *see* DSUF ¶ 20.)  This request was made outside the ten-day period listed in the Ordinance.  (Compl. (ECF No. 1) ¶ 7.)  Plaintiff was not given a hearing.  (Lor Decl. ¶ 5.)

A 30-day notice, dated September 11, 2023, was mailed to the Owners at their Wisconsin address and was later posted to the Property by Defendant Ottenberg on September 18, 2023.  (*Id.* ¶ 13.)  The Owners did not pay the fine, did not respond to, nor contest the citation.  (*Id.* ¶ 14, 16.)  Plaintiff did not pay the fine, nor did the Owners demand that Plaintiff pay the fine.  (*Id.* ¶¶ 15, 18.)  The fine has not been converted to a lien or judgment against any individuals or property.  (*Id.* ¶ 17.)

Based these actions, Plaintiff brings suit against Defendants County of Siskiyou, John Ottenberg, and Andrea Fox,[2] pursuant to 42 U.S.C. § 1983 for violating the Due Process Clause of the Fourteenth Amendment, violating the Equal Protection Clause of the Fourteenth Amendment, and for imposing excessive fines in violation of the Eighth Amendment.  Defendants filed the instant Motion for Summary Judgment.  (MSJ (ECF No. 13).)  The matter was ordered submitted without argument pursuant to Local Rule 230(g) and is now fully briefed.  (Opp'n (ECF No. 14); Reply (ECF No. 15).)

---

[2] Plaintiff named Defendant Fox in the Complaint and alleged that Defendant Fox "took administrative actions during the course of [her] employment related to the citation of [Plaintiff]."  (Compl. ¶ 4.)  Defendants argue that Defendant Fox should be dismissed because she was not involved in the issuance of the citation nor was she present during the inspection (Fox Decl. (ECF No. 13-3) ¶ 3).  Absent any evidence from Plaintiff to the contrary, the Court agrees that there is no genuine dispute of material fact as to Defendant Fox's lack of involvement in the present action.  The Court will only address Defendant Ottenberg and the Defendant County moving forward.

**LEGAL STANDARD**

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is "genuine" if "a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A fact is "material" if it "might affect the outcome of the suit under the governing law." *Id.*

The moving party bears the initial burden of informing the court of the basis for the motion and identifying the portion of the record "which it believes demonstrate[s] the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). The burden then shifts to the opposing party to "establish that there is a genuine issue of material fact. . . . " *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 585 (1986). The parties must "(A) cit[e] to particular parts of materials in the record. . . or (B) show[ ] that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). When determining a motion for summary judgment, "the inferences to be drawn from the underlying facts. . . must be viewed in the light most favorable to the party opposing the motion." *Matsushita Elec. Indus. Co.,* 475 U.S. at 587 (citation omitted). Ultimately, for the moving party to succeed, the Court must conclude that no rational trier of fact could find for the opposing party. *See id.*

**DISCUSSION**

**I.   Standing and Ripeness**

Defendants[3] first argue that summary judgment is proper because Plaintiff has failed to establish standing to pursue his causes of actions. Defendants contend Plaintiff has failed to provide evidence of an injury-in-fact as required by Article III, and

---

[3] At the outset, the Court notes that there was confusion about which theories of injury Plaintiff is pursuing and what arguments Defendants were responding to. The Court proceeds with its analysis to the best of its ability, while keeping the relevant legal standards in mind.

4

additionally, argues that Plaintiff's claims are not ripe.  Plaintiff states that he has standing to pursue his claims but does not directly address the issue of ripeness.

To meet the case or controversy requirement in Article III, a plaintiff must establish standing.  *See Lujan v. Defs. of Wildlife,* 504 U.S. 555, 560 (1992).  Standing consists of injury in fact, traceability, and redressability.  *Id.* at 560–61.  To establish an injury in fact, a plaintiff must demonstrate "an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical."  *Id.* at 560 (cleaned up).  At the summary judgment stage, "a plaintiff must offer evidence and specific facts demonstrating each element" of Article III standing.  *Ctr. for Biological Diversity v. Export-Import Bank,* 894 F.3d 1005, 1012 (9th Cir. 2018).

A related doctrine, ripeness, is "drawn both from Article III limitations on judicial power and from prudential reasons for refusing to exercise jurisdiction."  *Reno v. Cath. Soc. Servs., Inc.,* 509 U.S. 43, 57 n.18 (1993).  The ripeness inquiry "separate[s] matters that are premature for review because the injury is speculative and may never occur from those cases that are appropriate for federal court action."  *Portman v. Cnty. of Santa Clara,* 995 F.2d 898, 902 (9th Cir. 1993) (citation omitted).  Accordingly, the "constitutional component of the ripeness inquiry is often treated under the rubric of standing and, in many cases, ripeness coincides squarely with standing's injury in fact prong."  *Thomas v. Anchorage Equal Rts. Comm'n,* 220 F.3d 1134, 1138 (9th Cir. 2000) (en banc).  The prudential aspect of ripeness considers "the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration."  *Id.* at 1141 (citation omitted).

Here, Defendants challenge Plaintiff's injury primarily on the ground that the citation at issue was never directed toward Plaintiff, and thus he was never subjected to deprivations of any kind.  Plaintiff's Complaint is premised on allegations that he was the cited for illegal cannabis cultivation. (Compl. ¶ 7.)  But that is not true.  (DSUF ¶¶ 1, 2, 19.)  Nor has he paid any fines related to the citation. (*Id.* ¶¶ 15, 18, 19.)

1 | Plaintiff concedes that the citation did not name him but argues that the violations
2 | were a result of his activity and that his landlord has since demanded indemnification
3 | from Plaintiff such that litigation is reasonably likely. (Opp'n at 5.)
4 |     Beginning with Plaintiff's excessive fines causes of action[4], the Court finds that
5 | Plaintiff has failed to allege an injury in fact. In *Thomas v. County of Humboldt,*
6 | *California,* 124 F.4th 1179 (9th Cir. 2024), the Ninth Circuit analyzed standing and
7 | ripeness in the context of an excessive fines claim related to an ordinance governing
8 | cannabis cultivation. There, the Court held that clear and concrete injuries existed in
9 | part because the plaintiffs alleged that they had been charged with violating the
10 | county code, that a daily fine had automatically accrued, and the county reiterated
11 | repeatedly that the plaintiffs were responsible for paying the fine. *Id.* at 1188–89.
12 | Here, however, that is not the case. Instead, Plaintiff concedes that the citation does
13 | not name him (*see* DSUF ¶¶ 1, 19), that the rental agreement was not terminated
14 | because the citation but because of health conditions (Lor Dep. 15:8-24, 22:12-17,
15 | 33:15-20), and that Plaintiff has not paid any fees to the County or the Owners (*id.*
16 | ¶¶ 15,18).
17 |     Plaintiff also argues that under the relevant County Ordinance, Plaintiff is
18 | considered a "responsible party," such that he was targeted in substance, if not in
19 | name. (Opp'n at 5-6.) However, upon the Court's review of the County Ordinance,
20 | this argument does not support standing to bring the excessive fines claims. While
21 | Plaintiff fails to cite particular provision of the County Ordinance, based on the Court's
22 | review, the Ordinance indicates that an individual like Plaintiff is <u>not</u> held liable for
23 | violating the code section. (*See* Ordinance (ECF No. 13-6, Ex. B) at 10-14.100(c)(1)-(2)
24 | stating that a civil penalty imposed under this subsection shall be imposed on the
25 | property owner or an occupant business). Although the Ordinance provides for a

---

[4] Plaintiff brings two causes of action related to excessive fines: (1) the Second Cause of Action alleges a "violation of the constitutional right to own land" the deprivation of which constitutes an "excessive fine" prohibited by the Eighth Amendment and (2) the Fourth Cause of Action premised on Defendants charging excessive fines in violation of the Eighth Amendment.

1  period of time for an owner to correct the violation where a tenant is, like Plaintiff, the
2  Responsible Party, the Ordinance makes no apparent provision fining a Responsible
3  Party.  And it is undisputed that Plaintiff had no fines levied against him and that he is
4  not named in the citation.
5        To the extent that Plaintiff alleges a pre-enforcement theory of standing based
6  on the alleged indemnification, Plaintiff has provided no evidence to support that the
7  Owners have demanded indemnification.  At this stage, in response to Defendants'
8  evidentiary showing that there is no payment demanded from the Owners, Plaintiff
9  must "establish that there is a genuine issue of material fact. . . . "  *Matsushita Elec.*
10 *Indus. Co.,* 475 U.S. at 585.  Plaintiff has not met his burden here.  Rather, Plaintiff
11 concedes that the Owners have "never demanded that [Plaintiff] pay the fine."  (DSUF
12 ¶ 18.)  Accordingly, Defendants' Motion is GRANTED as to the Second and Fourth
13 Causes of Action.
14        Next, Plaintiff brings a claim under the Due Process Clause of the Fourteenth
15 Amendment.  Plaintiff argues that he suffered a deprivation of his money and his real
16 property as a result of being denied an administrative hearing by Defendants.
17 (Compl. ¶ 37.)  To the extent that Plaintiff's injury is the deprivation of money or real
18 property, as previously noted, Plaintiff was not cited for the property's violations, has
19 not paid any money to Defendants, and is under no present, or future, obligation to
20 pay the fines.  As for the interest in real property, Plaintiff does not dispute that his
21 rental agreement ended because of his health condition (Lor Dep. (ECF No. 13-3, Ex.
22 B) at 15: 8-24), rather than due to the citation against the Owners.
23       Plaintiff also appears to articulate an injury in the form of being denied a
24 hearing after the citation was issued.  (Compl. ¶ 37.)  He argues that he has an interest
25 as a renter in the property and as the cultivator of the cannabis at issue.  (Opp'n at 6.)
26 Where an injury is "based on the government's failure to abide by a procedural
27 requirement, it must show that the procedures 'protect[ ] a concrete threatened
28 interest.'"  *Multistar Indus., Inc. v. U.S. Dep't of Transp.,* 707 F.3d 1045, 1054 (9th Cir.

7

2013) (citation omitted). Plaintiff's leasehold constitutes a possessory interest in real property under California law. *See K.J. by and through Johnson v. Jackson,* 127 F.4th 1239, 1247 (9th Cir. 2025) (citation omitted) (explaining that "property rights are defined by reference to state law." (internal quotation marks omitted)). Once such an interest is established, the burden of establishing the remaining two standing elements is lessened such that plaintiff "need not demonstrate that [he] would prevail had [he] been accorded adequate process." *Multistar Indus., Inc.,* 707 F.3d at 1054. Additionally, Plaintiff explains that the cannabis which the Property was cited for was his own. (Lor. Decl. ¶ 2.) While for the reasons below the Court concludes Plaintiff was not in fact entitled to a hearing on the merits of his Due Process Claim, Plaintiff has standing to challenge the denial of a hearing. Plaintiff also brings a cause of action under the Equal Protection Clause premised on the same injuries related to the citation. However, as discussed above, Plaintiff is not the subject of the citation. But to the extent that Plaintiff alleges a harm based on denial of a hearing due to his Hmong American identity, the Court finds that genuine dispute as to whether an injury in fact exists.

## II. Equal Protection Claim

Plaintiff brings a claim under the Equal Protection Clause of the Fourteenth Amendment, alleging that Defendants targeted Asian American cannabis cultivators over non-Asian cannabis cultivators thereby creating a suspect class based on national origin. (Compl. ¶ 40.) He further contends that by charging members of this class disproportionately, Defendants violated the Equal Protection Clause. (*Id.*)

### A. Defendant Ottenberg

Defendants argue that this cause of action fails because Defendant Ottenberg was unaware of Plaintiff's or the Owners' identities at the time he issued the citation, and that Plaintiff has failed to show other similarly situated individuals were treated differently. (MSJ at 20–21.) Plaintiff contends that Defendant County has a documented history of targeting Hmong American cultivators which "supports an

inference that County officials" acted with discriminatory intent in denying Plaintiff "the same administrative procedures reportedly extended to others." (Opp'n at 7.)

"The Equal Protection Clause of the Fourteenth Amendment commands that no State shall deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr.,* 473 U.S. 432, 439 (1985) (citation omitted). If a law categorically treats a suspect class differently from other similarly situated persons, then the court applies heightened scrutiny to the law and the plaintiff need not prove intentional discrimination. *See Craig v. Boren,* 429 U.S. 190, 197–98 (1976). Where a policy, however, appears facially neutral, the plaintiff must present evidence of discriminatory intent. *See Washington v. Davis,* 426 U.S. 229, 239–40 (1976). "Intentional discrimination means that a defendant acted at least in part <u>because of</u> a plaintiff's protected status." *Maynard v. City of San Jose,* 37 F.3d 1396, 1404 (9th Cir. 1994) (emphasis in original).

Here, the Court finds the fact that Defendant Ottenberg was unaware of Plaintiff's and the Owner's identities prior to the issuance of the citation to be dispositive of an Equal Protection claim based on issuing the citation. (Ottenberg Decl. (ECF No. 13-5) ¶ 3.) Moreover, Defendant Ottenberg was unaware of Plaintiff's existence at all until he filed his claim for injuries. (*Id.* ¶ 9.) Without knowing the national origin or race of either party, and in the absence of any other evidence, Plaintiff has not shown how Defendant Ottenberg discriminated on the basis his identity. Thus, Plaintiff has failed to establish an Equal Protection Claim against Defendant Ottenberg.

### B. Defendant County

As for the claim about the discretionary denial of a hearing based on his national origin, the Court understands this argument to be made against the Defendant County. (*See* Compl. ¶ 7.) Municipalities can be held liable under section 1983 for violating the Equal Protection Clause, but only when a municipality's own

customs or policies caused the violation.  *See Bell v. Williams*, 108 F.4th 809, 824 (9th Cir. 2024) (citing *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978)).

Defendants argue that Plaintiff has failed to allege *Monell* liability because he has not established any constitutional violations.  *See Dougherty v. City of Covina,* 654 F.3d 892, 900 (9th Cir. 2011) ("[a] government entity may not be held liable under 42 U.S.C. § 1983, unless a policy, practice, or custom of the entity can be shown to be a moving force behind a violation of constitutional rights.").  Plaintiff argues that the Defendant County violated the Equal Protection Clause through its well-documented history of targeting Hmong residents in its cannabis enforcement efforts.  (Opp'n at 7.)  Because of such a background, Plaintiff argues that an inference exists that County officials acted with discriminatory intent or were influenced by an implicit bias when categorically denying Plaintiff access to the administrative procedures reportedly extended to others.  (*Id.*)

If a challenged governmental policy is "facially neutral,"[5] proof of its disproportionate impact on an identifiable group can satisfy the intent requirement only if it tends to show that some invidious or discriminatory purpose underlies the policy.  *Vill. of Arlington Heights v. Met. Hous. Dev. Corp.,* 429 U.S. 252, 264–656 (1977).  Where such factors do not exist, the government actions are unconstitutional only if they were not "rationally related to a legitimate governmental interest."  *The Comm. Concerning Cmty. Improvement v. City of Modesto,* 583 F.3d 690, 703 (9th Cir. 2009) (citation omitted).  Where a claim is premised on the selective enforcement of valid laws, selective enforcement, without more, does not make the defendant's act irrational.  *Freeman v. City of Santa Ana,* 68 F.3d 1180, 1188 (9th Cir. 1995).  Plaintiffs can make this showing by comparing the enforcement as to Plaintiff's class to how the law is enforced as to a "similarly situated" class.  *Id.* at 1187.

---

[5] Plaintiff makes no argument that the County Ordinance discriminates on its face.

10

Plaintiff cites generally to *Asian Americans Advancing Justice v. County of Siskiyou,* No. 2:21-cv-00999-KJM and the instant case to argue that discriminatory enforcement exists against the Hmong American community related to cannabis cultivation. (Opp'n at 7.) However, Plaintiff has not established a racially disproportionate impact in the context of the challenged ordinance or with respect to the denial of administrative procedures. Although Plaintiff makes references to evidence of similarly situated non-Hmong tenants who were offered hearings or negotiated abatements, (Opp'n at 7–8,) he does not cite to <u>what</u> evidence on the record would support such a claim. Defendants point to Plaintiff's statement that, "[a]s a Hmong-American, I am aware of many others in my community who have been subjected to aggressive code enforcement related to cannabis, even in cases involving small-scale or personal cultivation." (Reply at 4–5; Lor Dec. ¶ 7.) Even when viewed in the light most favorable to Plaintiff, this statement does not discuss the issue of other similarly situated non-Hmong tenants and their accommodations surrounding cannabis cultivation such that a genuine dispute of material fact exists. As such, Plaintiff has not established a constitutional violation and the Court GRANTS Defendant's Motion for Summary Judgment.

### III.    Due Process Claim

Plaintiff also alleges that Defendants violated his rights under the Due Process Clause of the Fourteenth Amendment because he was denied an administrative hearing and suffers the loss of his money and real property. (Compl. ¶ 37.) Defendants argue that Plaintiff has not been deprived of any cognizable property interest. (MSJ at 18–19.) Plaintiff contends that the Defendant County exercised its discretion arbitrarily in depriving him of a hearing because he was not the landowner. (Opp'n at 6–7.)

Under the Fourteenth Amendment, "[a] procedural due process claim has two distinct elements: (1) a deprivation of a constitutionally protected liberty or property interest, and (2) a denial of adequate procedural protections." *Brewster v. Bd. of Educ.*

*Of Lynwood Unified Sch. Dist.,* 149 F.3d 971, 982 (9th Cir. 1998).  To have a constitutionally protected property interest in a government benefit, an independent source, such as state law, must give rise to a legitimate claim of entitlement to the benefit.  *Gerhart v. Lake County, Mont.,* 637 F.3d 1013, 1019 (9th Cir. 2011).  A plaintiff must show more than "an abstract need or desire for the particular benefit." *Crawford v. Antonio B. Won Pat Int'l Airport Auth.*, 917 F.3d 1081, 1090 (9th Cir. 2019) (citations omitted).

Plaintiff has alleged a property interest in the Property given his rental interest.  However, Plaintiff was never deprived of that interest as a result of the citation, because the citation was never issued against him.  (DSUF ¶ 19.)  Nor have any fines been lodged against Plaintiff.  (*Id.* ¶ 15.)  His testimony reflects that he no longer resides at the Property due to health issues.  (*See* Lor Dep. 15:8-24, 22:12-17, 33:15-20.)  Because there was no deprivation, the Court GRANTS summary judgment on Plaintiff's First Cause of Action.[6]

## CONCLUSION

For the reasons discussed above the Court GRANTS Defendants' Motion for Summary Judgment (ECF No. 13).  All previously set dates are VACATED, and the Court of the Clerk is directed to close this case.

IT IS SO ORDERED.

Dated:   **December 10, 2025**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

---

[6] Because Plaintiff has not established an underlying constitutional violation, Plaintiff's theory of *Monell* liability fails.  *See Dougherty,* 654 F.3d at 900 ("A government entity may not be held liable under 42 U.S.C. § 1983 [ ] unless a policy, practice, or custom of the entity can be shown to be a moving force behind a violation of constitutional rights.").